UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

**Robert Morgan individually and on behalf of all others similarly situated,**

        Plaintiff,

v.

**Northstar Location Services, LLC**

    Jury Demanded

        Defendants.
_____

No.

CLASS ACTION

Class Action Complaint for
<u>Violations of the Fair Debt Collection Practices Act</u>

1. Plaintiff Robert Morgan ("Plaintiff" or "Morgan") files this Complaint seeking redress for the illegal practices of Defendant in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. Among other violations, Defendants have violated the Plaintiff and the putative class members' rights under the FDCPA by failing to provide them with the notices to which they are entitled by statute; by depriving them of their full ability to resolve their alleged debts.

Parties

3. Plaintiff Robert Morgan is a citizen of New York State who resides within this District.

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for a consumer credit card.

6. Defendants are regularly engaged in the collection of debts allegedly due to others.

7. The principal purpose of the Defendant is the collection of debts.

8. Defendant purchases defaulted debts and attempts to collect the debts for a profit. It is the principal purpose of Defendant to collect defaulted debts.

9. Defendants are a "debt collector," as defined by FDCPA § 1692a(6).

## Jurisdiction and Venue

10. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

13. Venue is also proper in this district since Defendants transact business in this district.

## Factual Allegations

14. Defendants allege that Plaintiff owes a debt originally owed to Cross River Bank for a consumer debt.

15. In an attempt to collect the alleged debt, about April 27, 2017 Defendant sent Plaintiff the debt collection letter. (Exhibit A)

16. Exhibit A seeks to collect the debt.

17. Exhibit A lists the amount of the outstanding debt as $6,595.66.

18. Exhibit A indicates that interest is not accruing on the debt.

19. Exhibit A indicates that interest is accruing on the debt.

20. Exhibit A is false and deceptive in that it is susceptible to two different meanings, one of which is false.

21. In reading Exhibit A, there is no way for the least sophisticated consumer to understand whether interest is accruing on the debt.

22. Exhibit A indicates that the Defendant owns the debt.

23. Exhibit A indicates that interest has not been charged at all since Defendant has owned the debt.

24. Exhibit A also indicates that interest is accruing each day.

25. Exhibit A also seeks to impermissibly charge interest, late charges, and "other charges."

26. Exhibit A falsely states that interest, late charges, and "other charges" may be permissibly added to the Plaintiff's debt.

27. Exhibit A is deceptive, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, 15 USC 1692f(1), and 15 USC 1692g(a).

3

## *Class Action Allegations*

28. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

29. A class action is superior for the fair and efficient adjudication of the class members' claims.

30. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

31. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

4

32. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendants' records, consists of: (a) all individuals who have mailing addresses within New York; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

35. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Violations of the Fair Debt Collection Practices Act

36. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## Class Allegations Related to Exhibit A

37. By sending Exhibit A to Plaintiff, the Defendants violated 15 USC 1692e,

15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, 15 USC 1692f(1), and 15 USC 1692g(a).

38. Defendants' violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

39. As a result of Defendants' deceptive, insidious, and unfair debt collection practices, Defendants are liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendants sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
April 26, 2018

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO
Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921

# EXHIBIT A

4285 Genesee Street  
Cheektowaga, NY  14225-1943

**NORTHSTAR LOCATION SERVICES, LLC**  
1-855-454-1087  
Hours Mon-Thurs 8AM-10PM ET,  
Fri 8AM-8PM ET, Sat 8AM-12PM ET

Return Service Requested

April 27, 2017

**Original Creditor:** Cross River Bank  
**Current Creditor:** Northstar Location Services, LLC.  
**Account #:** 30566517  
**Total Balance (including accrued interest):** $6,595.66  
**Total Interest Accrued while at Northstar:** $ .00  
**Amount Remitted:** $ _____

201600000913765-

ROBERT MORGAN  
23 FAIRFIELD LN  
MASTIC BEACH NY 119510000

NORTHSTAR LOCATION SERVICES, LLC.  
ATTN: FINANCIAL SERVICES DEPT.  
4285 GENESEE ST  
CHEEKTOWAGA NY 14225

| Current Creditor | Account # | Balance | Amount Remitted |
|---|---|---|---|
| Northstar Location Services, LLC. | 30566517 | $6,595.66 | |

Northstar Location Services, LLC is offering to settle your account for $1,978.70

This special settlement offer is good until 5/19/2017.

Please be advised that if this item does not clear through your bank, this settlement offer will be considered null and void. We are not obligated to renew this offer.

This settlement may have tax consequences.  If you are uncertain of the tax consequences, consult a tax advisor.

As of the date of this letter, your overdue balance with interest now equals the sum of Balance. Because of interest, late charges and other charges that may vary day to day, the amount due on the day you pay may be greater. As a result, if you pay the amount shown above an adjustment may be necessary after we receive your payment. If that is the case, we will inform you before depositing the payment. For further information, you may call our office at 1-855-454-1087.

Detach and submit the top portion of this letter along with your payment or if you prefer to pay by Check-by-Phone or Master Card/Visa, you may contact our office at 1-855-454-1087 to make arrangements. You may also visit our website at www.gotonls.com to make a payment.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-855-454-1087
- MoneyGram ExpressPayment
- Credit or Debit Card
- Web Pay at www.gotonls.com
- Pay in person at our office

You may contact a Northstar Account Representative toll free at 1-855-454-1087 to make your payment.

NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION



Payment website:  https://www.gotonls.com

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act requires that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.
**City of Yonkers Residents:** Contact Name: David Evtimovski
**Colorado Residents:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.
Local Colorado Office: 7200 S. Alton Way Ste B180, Centennial, CO 80112 (303)309-3839
**Massachusetts Residents:**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.
**Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce.
**New York Residents:**
Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.
"If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days. "
**New York City Residents:** This collection agency is licensed by the Department of Consumer Affairs, the City of New York License #1179143.
Contact Name: David Evtimovski
**North Carolina Residents:** NC Permit No. 4029
**Tennessee Residents:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.
**NORTHSTAR LOCATION SERVICES, LLC**
4285 Genesee Street
Cheektowaga, NY 14225-1943
Hours: Mon-Thurs 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-12PM ET
Payment website: https://www.gotonls.com
Facsimile: 716-565-6928



ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
*Member*